1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9  FRANK SEYMOUR,                            CASE No. 1:07-cv-01731 AWI DLB

10                       Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING THAT THIS ACTION BE
11       v.                                  DISMISSED FOR FAILURE TO EXHAUST

12  ROBINSON,                                (Doc. 1)

13                       Defendant.          OBJECTION DUE WITHIN THIRTY DAYS
    _____/

14

15       Plaintiff Frank Seymour ("Plaintiff") is a state prisoner proceeding pro se and in forma

16  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

17  November 19, 2007.  In his complaint, plaintiff states that he filed an appeal/grievance concerning

18  the facts contained in his complaint, but that the process is not complete.  (Doc. 1, Comp., p.2).

19       Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

20  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

21  confined in any jail, prison, or other correctional facility until such administrative remedies as are

22  available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

23  administrative remedies prior to filing suit.  Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney

24  v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief

25  sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.

26  731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating

27  to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

28  ///

1

1    The Court takes judicial notice of the fact that the California Department of Corrections and

2    Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit.

3    15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a).

4    Four levels of appeal are involved, including the informal level, first formal level, second formal

5    level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must

6    be submitted within fifteen working days of the event being appealed, and the process is initiated by

7    submission of the appeal to the informal level, or in some circumstances, the first formal level. Id.

8    at §§ 3084.5, 3084.6(c).

9    In order to satisfy section 1997e(a), California state prisoners are required to use the available

10   process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378,

11   2383 (2006); McKinney, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and

12   . . . unexhausted claims cannot be brought in court." Jones, 127 S.Ct. at 918-19 (citing Porter, 435

13   U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet

14   federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting

15   Booth, 532 U.S. at 739 n.5). Because plaintiff concedes that he did not complete the process prior

16   to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108,

17   1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal .

18   . . .").

19   Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without

20   prejudice, based on Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims

21   prior to filing suit.

22   This Finding and Recommendation will be submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

24   **days** after being served with this Finding and Recommendation, Plaintiff may file written objections

25   with the Court. The document should be captioned "Objection to Magistrate Judge's Finding and

26   ///

27   ///

28   ///

2

1    Recommendation." Plaintiff is advised that failure to file objections within the specified time may

2    waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3         IT IS SO ORDERED.

4    **Dated:**   **June 30, 2008**              **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28